## CASCIO v. JENKINS et al. *
### No. 950.

Court of Appeal of Louisiana, First Circuit.

May 3, 1932.

Ashton L. Stewart, of Baton Rouge, for appellant.

L. B. Aldrich and Taylor, Porter & Brooks, all of Baton Rouge, for appellees.

LE BLANC, J.

Plaintiff appeals from a judgment in the district court under which his suit was dismissed on an exception of no cause of action.

The claim is one to recover $159.71, that being one-half of the amount of a judgment forfeiting a bail bond and costs of execution on same, which he and Earnest Jenkins, now deceased, had signed for one Boisey Stewart, and which he alleges he had to pay. The suit is instituted against the present defendants, sole and only heirs, recognized as such by judgment of court, of Earnest Jenkins. Martha Jenkins is alleged to own an undivided five-sixths interest in the estate, and Earnestine Jenkins, an undivided one-sixth.

█ Earnestine Jenkins has filed a motion to dismiss the appeal, on the ground that the demand against her is for an amount which is below the minimum limit of the jurisdiction of this court. The prayer of the petition is for judgment against the defendants, Martha Jenkins and Earnestine Jenkins, in their respective proportions, as alleged, of the sum demanded. The proportion of Earnestine Jenkins being only an undivided one-sixth, her counsel take the position that the judgment, if rendered against her, could only be for $26.60, which of course, as stated in the motion, is below the jurisdiction of the Courts of Appeal.

The petition alleges, however, that under the judgment of forfeiture of the bond, both sureties, Cascio, the plaintiff herein, and Earnest Jenkins, were condemned in solido. That allegation must, for the moment, be accepted as true, and, so taken, we are then presented with a claim for one-half of the amount of a judgment in the sum of $300 with costs, rendered against Earnest Jenkins in solido with the plaintiff, and which, if legally due, is due by his estate. Any distribution he may have made of his estate, or judgment placing his heirs in possession in different proportions, cannot affect the claim in so far as the demand here made is concerned. The estate, if it owes anything, owes the whole claim, and the way in which it is to be paid by the heirs is a matter which concerns them only and not the claimant who presents it. This appears to be the law, even though the prayer of the petition may be so worded that a judgment against each heir for his proportionate amount is contemplated. A. Lartigue v. Clara White et al., 25 La. Ann. 291.

The motion to dismiss is therefore overruled.

By the allegations of plaintiff's petition, it is shown that the bail bond, signed by himself and Earnest Jenkins, was executed on March 26, 1930, and that it was forfeited by a judgment of the district court rendered on March 25, 1931. By a further allegation of the petition, it appears that Earnest Jenkins died on February 13, 1931. Therefore, on the day judgment was rendered against him, Earnest Jenkins had been dead almost six weeks.

The forfeiture of bonds in criminal cases in the district courts outside of Orleans parish is regulated by section 1032 et seq. of the Revised Statutes of Louisiana as amended by Act No. 17 of 1900. Under those provisions,

*Rehearing denied June 8, 1932.

498

the surety on the bond, on failure of the accused to appear, is called on to produce him instanter, and failing to do so, judgment is rendered against them, in solido. But even then, he is granted five days additional in which to have such judgment set aside, upon the appearance within that delay, and trial, and conviction or acquittal of the accused, or upon a continuance of his case by the prosecuting attorney, after his appearance. Section 1034 has reference to the execution of such judgments, and provides as the first requisite, for a notice thereof to the parties concerned.

The petition contains no allegation to the effect that the formalities prescribed by the Revised Statutes have been complied with. On its face, it appears patent that they could not have been with regard to the surety Earnest Jenkins, because on the day the proceedings, looking to the forfeiture of the bond, were had, he had been dead nearly six weeks. If the formalities leading up to the rendering of the judgment were not valid, certainly the judgment itself cannot be so, and neither could the proceedings relative to its execution which required a notice to be given to him, be legal.

Plaintiff's claim here is predicated on the payment which he avers he made of a judgment that was rendered against him and Jenkins, in solido. When he made that alleged payment, he paid one-half of a judgment that was absolutely null, and he cannot now maintain an action against the heirs of Jenkins to recover the amount from them.

The judgment of the lower court properly sustained the exception of no cause of action, and dismissed the plaintiff's suit, and it is therefore affirmed.